IN RE APPLICATION OF THE MICKOW CORP.
THE MICKOW CORP., APPELLANT, V.
PIERCE TELEPHONE COMPANY, INC., APPELLEE.

316 N.W.2d 66

Filed February 19, 1982. No. 43657.

Lavern R. Holdeman and Peterson, Bowman & Johanns for appellant.

Paul M. Schudel and Woods, Aitken, Smith, Greer, Overcash & Spangler for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an appeal from an order of the Nebraska Public Service Commission (hereinafter Commission) denying the application of The Mickow Corp., made under the provisions of Neb. Rev. Stat. §§ 75-612 and 75-613 (Reissue 1976), to receive telephone service from the Norfolk exchange of the Northwestern Bell Telephone Company, rather than from the Hoskins exchange of the Pierce Telephone Company.

The above-mentioned statutes provide that any entity desiring to receive telephone service in a service area adjacent to the one in which the entity resides or operates may file an application with the Commission requesting such service. The Commission may grant the application if the evidence establishes all of the following: "(1) That such applicant or applicants are not receiving, and will not within a reasonable time receive, reasonably adequate exchange telephone service from

the company furnishing such service in the exchange service area in which the applicant or applicants reside or operate;

"(2) The revision of the exchange service area or areas required to grant the application will not create a duplication of facilities, is economically sound and will not impair the capability of the telephone company or companies affected to serve the remaining subscribers in any affected exchanges;

"(3) The community of interest in the general territory is such that the public offering of each telephone company in its own exchange service area involved should include all the territory in its service area as revised by the commission's order; and

"(4) The applicant or applicants are willing and will be required to pay such construction and other costs and rates as are fair and equitable and will reimburse the affected company for any necessary loss of investment in existing property as determined by the Public Service Commission." § 75-613.

After a hearing at which the applicant and Pierce presented evidence, the Commission found that the evidence failed to satisfy the requirements of § 75-613(2) and denied the application. We affirm.

The standard by which this court reviews orders of the Commission is: "An order of the Public Service Commission will be affirmed if it acted within the scope of its authority, if its order is reasonable and not arbitrary, and if there is evidence to support its findings." *Hartman v. Glenwood Tel. Membership Corp.*, 197 Neb. 359, 249 N.W.2d 468 (1977) (syllabus of the court).

The Commission, in its order, made specific factual findings as follows: "13. Pierce clearly has in place facilities to serve the Applicant from the Hoskins exchange, and if this application were granted, such facilities would be rendered useless. However, this Commission believes that the significant provision of §75-613(2) is whether the requested boundary revision 'is economically sound and will not impair the capabili-

ty of the telephone company . . . affected to serve the remaining subscribers in any affected exchanges.'

"14. Evidence accepted at the hearing supports a finding that eight of Pierce's Hoskins exchange subscribers have expressed an interest in receiving service from Northwestern Bell's Norfolk exchange. This would indicate possible future erosion of subscriber base in an area of the Hoskins exchange which the exchange map show[s] to have an above average subscriber concentration.

"15. Financial data contained in Exhibit 28 shows that Pierce realized an 8.45% return on equity from telephone operations in 1979. This, according to Mr. Robert Eddy's testimony is substantially below the 12-17% return on equity currently considered to be acceptable in the telephone industry.

"16. The evidence indicates average monthly toll and local billings of $24.92 per customer for Pierce, while Applicant's local service billing alone from Pierce is $48.06 per month and total average monthly billings for Applicant approximate $940.00.

"17. Based on the number of subscribers at Hoskins at the end of 1979 (327) and the total subscribers of the company (1564), the revenue received from the applicant represents 10% of Hoskins revenue and 2% of total revenue. While the applicant was a customer of Pierce for only the last month of 1979, revenue derived from the applicant is a significant portion of Pierce's total revenue and loss of that revenue would have a significant impact on the company.

"18. The evidence of other subscriber interest in transfer and interests in Norfolk exchange service similar to Applicant indicate a possibility of gradual erosion of subscriber base."

A review of the record indicates that it contains evidence to support the above factual findings and the conclusion of the Commission. The order of the Commission must, therefore, be affirmed.

AFFIRMED.